## GARRETTY v. BRAZELL.

1. **New trial:** CONFLICTING EVIDENCE. The fact that there is a strong preponderance of evidence against a verdict will not justify the supreme court in ordering a new trial. unless it appears that the verdict was not the result of a sound, unbiased and intelligent exercise of judgment on the part of the jury.

2. **Contract:** CONSTRUCTION OF BUILDING: ACCIDENT. The plaintiff contracted to do the carpenter work in the erection of a building, and furnish the material therefor. Having performed all the work, except certain work which was to be done after the plastering, the building was turned over to defendant for the purpose of having the plastering done, and while thus in his possession the building was blown down. *Held*, that the plaintiff, having performed his work in a workmanlike manner, was entitled to recover therefor, and that the loss of the accident fell upon the defendant.

3. **Verdict and jury:** IMPEACHMENT OF VERDICT. Affidavits of jurors are not receivable, for the purpose of impeaching their verdict in respect to matters which inhere in the verdict itself, as that it was not assented to by all the jurors.

4. —— SPECIAL FINDINGS. The failure of the jury to answer one of the special questions submitted to them constitutes no sufficient ground for reversal.

*Appeal from Polk District Court.*

THURSDAY, MARCH 28.

ACTION at law to recover for work and labor done, and materials furnished by plaintiff in building a catholic church. The petition alleges the performance of the work, the furnishing of the materials, and defendant's promise to pay therefor. The answer of defendant admits plaintiff's employment, but denies the other allegations of the petition. By way of a cross action, defendant sets up that he entered into a parol contract with plaintiff, whereby he undertook to furnish the material, and perform the labor necessary to

build the church. The terms and conditions of this contract, as to the kind and quality of the materials to be used, and labor to be performed, are set out, and it is then averred that plaintiff did not perform his agreement, failing to supply the material agreed upon, to do the work in the manner agreed upon, and to complete the house in accordance with the contract; that a part of the work was done and materials furnished, but in such a defective manner, and of such poor quality, that the building, after being partially completed, fell down and became worthless, and that plaintiff has failed, and now refuses to complete the church in accordance with his contract. Defendant claims judgment against plaintiff in the sum of $1,500. There was a trial to a jury, and a verdict and judgment for plaintiff. Defendant appeals.

*J. S. Polk* for the appellant.

*Phillips & Phillips* for the appellee.

BECK, Ch. J. — I. In this case, as indicated by the pleadings, the contest involves both the terms and conditions of 1. NEW TRIAL: the contract between the parties, and the conflicting evidence. character and quality of the work and materials furnished by plaintiff. The evidence of the respective parties and their witnesses differs widely upon these points; the plaintiff claiming, and showing by his own evidence and by the testimony of others, that the contract under which the building was erected required the materials and work to be of a certain description and character; the defendant upon these points in a like manner contradicted plaintiff, and by the evidence of himself and his witnesses, endeavored to establish a contract different in terms, and that plaintiff utterly failed to perform it. It is needless to add that the evidence is extremely conflicting, and after its careful consideration, does not fail to leave a

doubt in the mind. The jury, in response to eleven questions propounded by the court at the request of defendant, and ten asked by plaintiff, returned as many special findings, all of which support plaintiff's right to recover, and are in accord with the general verdict. Upon this state of the record, defendant insists that the verdict is not supported by the evidence, and upon that ground asks us to reverse the judgment. After what has been said, it is only necessary to add that the record does not present a case authorizing us to exercise that power. A mere conflict of evidence, however great, a strong preponderance of evidence against the verdict, and the conviction in our own minds that a different result would more nearly accord with justice, are not sufficient to justify us in directing a new trial. We must be satisfied from the absence of evidence to support the verdict, or from other causes, that it was not the result of a free, honest, unbiased and intelligent exercise of judgment and conscience on the part of the jury, and that justice will fail if the verdict is not set aside. A citation of authorities, upon this point, is unnecessary. They may be found in every volume of the reports of this court. Under this well-established rule we cannot disturb the judgment of the court below.

II. There was evidence before the jury tending to show that, under the contract between the parties, the plaintiff **2. CONTRACT: construction of building: accident.** was to complete the carpenter and joiner work, furnishing materials therefor, and that the defendant was to do all other work and furnish all other materials necessary to finish the house; that plaintiff had performed all of the work and furnished all the materials for the completion of the building, except certain work which was to be done after the plastering, in accordance with the contract; that the defendant received the building for the purpose of plastering it; that it was blown down before the plastering was completed, and that, after it was rebuilt and plastered, plaintiff offered to do the

work he had undertaken to do after the plastering should be finished. Upon this evidence the jury were instructed substantially, that if plaintiff had fully performed his contract as to the character of the materials and work, and had made the house ready for the plastering, and it was received for that purpose by defendant, and, while in his hands, was blown down, it was defendant's and not plaintiff's loss. And that if plaintiff offered to complete the work provided for in his contract, after the house was rebuilt and plastered, he was entitled to recover the balance of the contract price, less the value of the unfinished work and the materials not furnished. The giving of certain instructions to this effect and the refusal to give another asked by defendant, presenting a contrary rule, constitute a ground of error assigned upon the record and presented in argument by defendant's counsel.

It will be remarked that under his contract, as contemplated in the instructions objected to by defendant, plaintiff was not bound to complete the building; the plastering, painting, etc., were to be done by defendant. These facts are not disputed. Plaintiff's obligation extended no farther than the carpenter work and the materials therefor. His agreement was not to deliver to defendant a completed house, but a house ready for plastering. If he did this, and the work and materials conformed to the requirements of the contract, it has been complied with. These rules are announced in the instructions.

The jury, by their special verdict, found that the work done by plaintiff was performed "in a workmanlike manner;" that the materials furnished were of a good quality; that the building fell without any fault of plaintiff in not complying with his contract, and that plaintiff had done all the work he was bound to do before the house was plastered.

The rules of the instructions cannot be doubted; the special findings bring the case within these rules. We cannot doubt plaintiff's right to recover.

III. The court directed the jury to the effect that the use of smaller timbers in the building than was provided for by the contract, with the knowledge of defendant, who made no objection thereto, but agreed to furnish material to make them equal in strength to such as were specified in the contract, and did actually furnish such material, and the work so done was as strong, or stronger than the work would have been if completed under the contract, are facts which cannot now be urged as a defense to the action. The instruction is correct. The knowledge possessed by defendant of the change, and his act in supplying material to accomplish it, without objection, must be regarded as evidence of his assent thereto, especially as the change did not diminish the strength of the building, and defendant, for that reason, suffered no prejudice therefrom. The instruction does present the question whether, under the circumstances, defendant is entitled to an abatement upon the compensation to be paid plaintiff on account of the change in the materials. It simply holds that the fact that such change was agreed upon and made in the work does not defeat plaintiff's right to recover.

IV. The counsel of defendant contends that the verdict ought to have been set aside by the court below on **3. VERDICT** the ground that certain of the special find-**AND JURY:** **impeachment** ings were not assented to by all of the jury. **of verdict.** In support of a motion for a new trial, based upon this ground, affidavits of jurors were offered. The motion was correctly overruled. It is a rule recognized by this court, that affidavits of jurors will not be considered, for the purpose of avoiding a verdict, to show that it was not assented to, and other matters which inhere in the verdict itself. *Wright* v. *The Illinois and Miss. Telegraph Company*, 20 Iowa, 195.

It may be claimed that one of the findings was mistakenly rendered, that is, the answer to one interrogatory **4. —— special** was not intended to be given by the jury, and **findings.** only appears through the oversight of the

jury in not erasing it, after it had been written by one of their number, the jury intending to give no answer whatever to the question. Without determining that these facts may not be shown by the affidavits of the jurors, we are of the opinion that, if the finding be disregarded and it be considered that the jury failed to answer the interrogatory, the general verdict must stand. The answer to the interrogatory was in substance, that the jury found the building fell from the effect of wind. Now, had they omitted to render this special finding, the verdict would notwithstanding have to be sustained. So, if we admit that the affidavits establish the fact, as claimed by defendant, we could not, for that reason, reverse the judgment.

Affirmed.