RUDOLPH E. SCHULTZ, impleaded, etc.,

*v.*

JOHN HAY.

MECHANICS' LIEN—*by sub-contractor.* In a suit by a sub-contractor against the owner of a building to recover for labor performed on defendant's house, which he did under the contractor, it appeared that the contractor had abandoned the work and that defendant had fully paid him all he was entitled to before receiving any notice of the plaintiff's claim: *Held,* that the plaintiff was not entitled to recover.

APPEAL from the Circuit Court of Cook County; the HON. JOHN G. ROGERS, Judge, presiding.

Mr. A. T. EWING, for the appellant.

Per Curiam : Appellee sought to recover for work and labor performed and materials furnished in the building of a house.

Appellant had contracted with one Hayman to build his house, for a certain sum; Hayman progressed with the work for some time and then abandoned it, and was fully paid for all that he had done.

This payment was made before any notice was given by appellee, under the act amendatory of the Mechanics' Lien Law, approved April 5, 1869 (Sess. Laws, 1869, 255), that he would hold the building liable for his labor and materials.

The fair construction of this statute is, that the sub-contractor, mechanic, or workman shall not have a lien until the required notice is given to the owner or lessee.

When the notice was given in this case the contractor had failed to complete his contract; and there was no money due to him from the owner.

The remedy of appellee, if any, is under Section 7 of the act referred to.

The judgment is reversed and the cause remanded.

*Judgment reversed.*