## GERHARD H. D. HAVIGHORST

*v.*

## PETER LINDBERG.

67   463
22a  143

67   463
128  154

67   463
150  634
153  194

67   463
48a  504

67   463
75a  388

67    463
102a  5492

1. MECHANIC'S LIEN—*remedies of sub-contractor.* The lien given by statute to a sub-contractor for labor and materials in the erection of a building may be enforced by petition in like manner as the same could be done by the original contractor. The statute also gives a remedy against the contractor and owner, jointly, in a suit at law, and it seems that the sub-contractor or material-man may, at his election, pursue either remedy.

2. SAME—*notice of sub-contractor's demand—payment before.* A sub-contractor has twenty days from the completion of his sub-contract, or after payment should have been made to the person performing the labor, in which to give the owner of the building notice. All payments made by the owner within that time to the contractor will be regarded as having been improperly made, if made to the prejudice of the interests of sub-contractors, and will not defeat their rights to enforce payment of the owner.

3. ESTOPPEL—*of sub-contractor to claim pay of owner of building.* Where a sub-contractor was present at a settlement between the owner and contractor, as to the sum due for the erection of a house, and for extra work, at which time the owner accepted an order of the contractor for the balance due in favor of a third person, but did not say or do any thing that could have led the owner to believe he was paid or had released him, it was *held*, that he was not estopped from enforcing his lien against the owner, from the mere fact of his being present at the settlement.

4. MECHANIC'S LIEN—*performance necessary.* Where the contract for the building of a house has been substantially performed, and whatever failure there may have been is waived by the owner, and the work accepted, this is such a performance as will authorize a proceeding to enforce the statutory lien in favor of a sub-contractor.

5. ERRORS—*not affecting party assigning* Where a cross error is assigned which does not affect the interest of any of the parties to the record in this court, but relates to the interest of a party in the court below who does not unite in the appeal, it will not be considered.

APPEAL from the Circuit Court of Mason county; the Hon. CHARLES TURNER, Judge, presiding.

This was a petition by Peter Lindberg, against Gerhard H. D. Havighorst and William H. Caldwell, to enforce a lien against the former.

The petition alleged that on, etc., William H. Caldwell contracted to build for Havighorst a dwelling house on lot 1, block 42, in Havana, for $2950; was to paint and finish the same up in a good, workmanlike manner; that after said contract was made it was changed, and a large amount of extra work was done, amounting to $500.

That on, etc., Caldwell employed petitioner to do painting and glazing, and furnish materials therefor, on said house, to be paid for as the work progressed; that on, etc., petitioner began work, and furnished materials, and so continued till, etc., under the said sub-contract (which was an implied one), to the amount of $545.53; that such sum was then due, and that he had demanded payment of the same from both Caldwell and Havighorst, but each refused.

That in the months of, etc., 1870, petitioner furnished materials and did painting on said house under an implied contract with Havighorst, to the amount of $27.25, besides that done under the sub-contract with Caldwell, and that he had requested Havighorst to pay therefor, but he refused.

That on Dec. 26, 1870, petitioner served Havighorst with notice of his claim on the house and lot, for the labor and materials under his said implied sub-contract. That Havighorst owns the lot in fee, clear of incumbrances.

Prayer that Caldwell and Havighorst answer petition without oath; that lot and improvements be decreed subject to petitioner's lien; that they be required to pay petitioner $545.53, with interest, and that Havighorst alone pay him $27.25, and that in default of such payments, or either of them, said premises be sold, etc.

The petition was amended, showing that petitioner served the notice within twenty days after his work was completed, and from the time he quit work.

The court below decreed that Caldwell and Havighorst pay petitioner $433.33 on his sub-contract within thirty days, and that Havighorst pay him $27.25, within the same time, for extra work done; that petitioner have a mechanic's lien on the house and lot described to secure the payment of both sums, and upon default of payment that the master in chancery make sale of the premises and pay out the proceeds in the usual way.

The defendant Havighorst alone appealed from the decree to this court.

Mr. JOHN W. PITMAN, for the appellant.

Messrs. LACEY & WALLACE, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was a proceeding under the Mechanic's Lien law to enforce a lien in favor of the sub-contractor. Appellant contracted with William H. Caldwell to erect and complete for him a dwelling house, for an agreed price. Appellee was a sub-contractor, and, under his contract with Caldwell, did the painting.

The original contract was substantially completed. There were, however, some things of trifling value left unfinished, but on the 23d day of December, 1870, appellant and Caldwell had a settlement, either partial or in full, and it was agreed that the house should be accepted, the unfinished work waived, and appellant then accepted an order for the balance due of the original contract price.

There is no question that Caldwell did a large amount of extra work on the house at the request of appellant, but there is a very great conflict in the evidence as to whether it was taken into the account at the settlement on the 23d day of December.

On the 26th of December, appellee gave appellant notice of his claim, as required by the second section of the act of 1869, and subsequently commenced this proceeding.

30—67TH ILL.

It is objected that, as Caldwell had substantially completed his original contract, appellee could in no event have a remedy by petition to establish a lien, but must pursue his remedy at law against the contractor and owner under the provisions of the fifth section of the act of 1869.

It is insisted that a lien is only given in favor of the subcontractor where the original contractor fails to complete his contract. This can not be the true construction of the act. It was, doubtless, the intention of the legislature to extend the benefits of the Mechanics' Lien law to sub-contractors and parties furnishing materials to the principal contractor. The lien given may be enforced by petition in like manner as the same could be done in favor of the original contractor. The statute has also provided a remedy at law against the contractor and owner jointly. No reason is perceived why the sub-contractor, or the material-man, may not, at his election, pursue either remedy deemed most effectual to secure his rights. It is urged that no lien arises in favor of the subcontractor until notice has been given under the provisions of the statute, and if nothing is then due from the owner to the original contractor, no lien can arise in his favor.

The evidence shows, at the date of the service of notice there was nothing due from appellant to Caldwell on the original contract, but it is not quite so clear there was nothing due for extra work.

Waiving the question that there was nothing due for extra work, we think the decree may be maintained on another ground.

Although Caldwell had not fully completed the work on the 23d day of December, appellant waived whatever failure there was, and accepted the building in its then condition, so the contract price then became due and payable.

We do not think, however, appellant could lawfully pay the contractor, or on his order, to the injury of the sub-contractor, until after the expiration of twenty days from the time it was agreed the work was completed, certainly not

until after the expiration of twenty days from the date the sub-contractor had completed his work. This is the very thing the legislature intended to prohibit, so as to allow the sub-contractor and material-man a reasonable opportunity to present their claims. By the express terms of the second section of the statute the party has twenty days from the completion of the sub-contract, or twenty days after payment should have been made to the person performing the labor, in which to give the owner notice. All payments made within the twenty days shall be regarded as having been improperly made, if made in violation of the rights and interests of persons intended to be benefited by the act.

Appellee completed his sub-contract on the 10th of December, and the statutory notice was given on the 26th of the same month. In the mean time, appellant had accepted the order of Caldwell for the balance due on the contract. This he could not do to the prejudice of the interests of appellee. He could not rightfully make the payments until after the expiration of twenty days, for he was bound to know the sub-contractors and material-men had that period in which to assert their claims; and whatever payments he should make before the expiration of that period would be at his peril. The notice was given within the period limited by the statute, and no reason is shown why appellee is not entitled to the lien. The amount found to be due is less than that for which appellant wrongfully accepted the order of the contractor.

It is, however, insisted that appellee is estopped to assert any claim, by reason of the fact that he was present on the 23d of December, when appellant and Caldwell had their settlement and the order was accepted.

The evidence produces no such conclusion. Appellant knew appellee had done work as a sub-contractor on his house, for which he had not been paid. This he does not, and, in view of the evidence, could not successfully, deny, if he would. The evidence does not show appellee did or said anything at that interview that could have possibly misled appellant to

his injury. It is not pretended that he intimated his claim had been paid, or that he in any manner released appellant from his legal obligation to hold the money due the contractor for twenty days, for his benefit. Without a release, or some act done that would have estopped appellee, any payment that may have been made within the period fixed by the statute must be regarded as having been made in violation of the rights of appellee.

The cases cited by the counsel for appellant are not in point.

*Prescott* v. *Maxwell*, 48 Ill. 82, was a case arising under the act of 1863, a law essentially different from that of 1869, and in no manner illustrates the case at bar.

*Schultz* v. *Hay*, 62 Ill. 157, may be distinguished from the present case. There, the contractor had failed to complete his contract, and there was nothing due from the owner at the date of the service of notice. Here, the contract was substantially completed, and whatever failure there was on the part of the contractor was waived. At the completion of the contract there was more due the contractor than was found to be due the sub-contractor, which was wrongfully paid over.

The cross-error assigned could only affect the interest of Caldwell, and as he is not complaining of error in the record, we have not considered any question affecting his interests.

The decree of the circuit court must be affirmed.

*Decree affirmed.*