STEPHEN W. RAWSON

*v.*

ROBERT CLARK *et al.*

1. CONTRACT—*when full performance prevented.* Where a party, under a contract with the owner of a building, then being erected, to manufacture and put into the building certain iron work, had completed the work, except putting it into the house, and was prevented from so doing by the owner not being ready with the other work to receive the iron work, and the building was burned before the work could be done after notice: *Held,* that as the workman was no way in default, up to the time of the destruction of the building, and there being no building provided afterwards to receive the work, he was entitled to recover under the common counts for the material manufactured and labor done.

2. SAME—*estimate of architect.* Where a party sought to recover the price of certain iron work manufactured for a building, which he was to put up and be paid for upon the estimate of an architect, the building having been destroyed by fire before the same could be put up, and the workman being in no default, it was *held,* that the case contemplated for the architect's certificate never arose, and that a recovery could be had without it, according to the contract price for the iron work manufactured.

3. SAME—*construed as to risk.* Where a contractor agreed to manufacture the iron work for a house being built, and put up the same, the work to be at his risk until the building was completed, it was *held*, that the manufacturer did not assume the risk of the building, which was destroyed, but only his materials furnished, and therefore that the destruction of the building by fire did not operate to prevent him from recovering the price of the iron work manufactured and ready to be delivered.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

This was an action of assumpsit, brought by Robert Clark and John T. Raffin, surviving partners, etc., against Stephen W. Rawson, to recover a sum claimed to be due from the defendant, for certain materials furnished and labor performed by the plaintiffs. A trial was had, which resulted in a verdict and judgment in favor of the plaintiffs for $206, the price of the materials. To reverse this judgment, the defendant appealed to this court.

Messrs. SAWIN & WELLS, for the appellant.

Mr. WM. M. JOHNSTON, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

About the middle of September, 1871, a written contract was entered into between the parties to this suit, whereby the appellees were to manufacture and place in the building of the appellant, at the corner of Madison and Dearborn streets, in the city of Chicago, certain iron work for a certain price, 85 per cent thereof to be paid on certificate of the architects, as the work progressed, and 15 per cent when completed, the work to be at the contractors' risk until completion.

After all the iron work had been manufactured, but before any of it had been set up, the building was wholly destroyed by fire, October 8, 1871, and has not been rebuilt.

This was an action brought by the appellees to recover for the price of the iron work—they recovered in the court below and the defendant appealed.

42—70TH ILL.

It may well be, as insisted on by appellant's counsel, that there could be no recovery under the special count upon the contract, because of the variance between the contract as proved and as laid in the declaration. But we perceive no sufficient reason why a recovery might not be had under the common counts for labor done and materials furnished. So far as respects the manufacture of the iron work, there had been a fulfillment of the contract on the part of appellees, and nothing more remained to be done but the payment of the price.

·It was in evidence that the price agreed upon for the iron work was $206, and for putting it up $70 or $75, though in the written contract a certain sum was to be paid for the whole; that, on the 28th of September, 1871, the work had all been manufactured, and was ready to be delivered, and was laid by at the foundry; that about a week before the fire, and within the time limited for the completion of the contract, appellees commenced to deliver the iron work, and did deliver one load, a column and plate; that the building was not then ready for the work, and appellant directed that no more should be sent until it should be ready, and promised to notify appellees when ready. On Saturday afternoon, they were notified that the building was ready, and on the following Sunday night, October 8, 1871, the building was wholly destroyed by fire. The time required to put up the work would have been about two days. After the fire, a bill of $206 for the iron work was presented to appellant, and he denied his liability.

Appellees were no way in default. They were ready and offered to fully perform within the time limited, but were prevented by appellant.

The reason of their not entirely completing their contract by placing the iron work in the building, was, the default of the defendant in not having a building provided for the purpose.

The position is taken that, under the contract, the appellees

assumed the risk of the destruction of the building by fire. That is not the true construction of the contract. It was the material which was to be at the risk of appellees, not the building.

It is insisted that the obtaining of the architect's certificate, was a condition precedent to the right to bring the action.

But the case contemplated for the giving of the architect's certificate never arose. The certificates were to be given as the work progressed, *i. e.* as the work of setting up the iron work in the building progressed. None of it was placed in the building, or delivered on the ground, except one load. The price of the iron work was a matter agreed upon, as was testified to.

And the appellant placed his refusal to pay, on the ground of no liability to pay, not on that of the want of an architect's certificate.

We are of opinion the verdict was sustained by the evidence. The judgment is affirmed.

*Judgment affirmed.*