JONATHAN CLARK

*v.*

CHRISTIAN BUSSE *et al.*

82 515
66a 233

1. CONTRACT—*rights of contractors and sub-contractors.* Where a sub-contractor has performed substantially all the work his contract calls for, and, before the entire work to be performed by the original contractor is done, the building is destroyed by fire, and the owner of the building and the original contractor make a settlement, in which deductions are made of the value of whatever remained unperformed under the sub-contract, the sub-contractor will be entitled to recover from the original contractor for the work actually done by him, notwithstanding some things of minor importance may not have been performed in accordance with the sub-contract.

2. SAME—*effect of destruction of building before completion.* The rule that unless a contract for the erection of a building provides against contingencies that may happen during the progress of the work, the loss, if any occurs, will fall upon him who has agreed to do any given work that is possible to be done, because his agreement is to that effect, and he is not excused from performance by reason of its sudden destruction, can have no just application to a sub-contractor who has simply undertaken to do a distinct portion of the work.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

Jonathan Clark had a contract with H. O. Stone to erect for him a four-story brick building. Clark was to furnish all materials and do all labor to finish the entire building, except, perhaps, the plastering, in consideration of $27,800. The work was to be done under supervision of T. V. Wadskill, architect, and 85 per cent to be paid, as the work progressed, upon estimates to be made by the architect, and the remainder to be paid on completion of the work, upon the architect's final certificate.

Afterwards, Clark let the masonry work to Busse & Stanvant, plaintiffs in this suit, for $10,150, who were to find all materials and do all work to the satisfaction of the architect, according to plans and specifications prepared for the build-

ing, for which they were to be paid in installments of 85 per cent, as the work progressed, and the balance on completion of contract. Whatever extra work or materials should be ordered by the architect, plaintiffs were to do and furnish, and for which defendant was to pay them so much as the work or materials were reasonably worth. All work plaintiffs agreed to do under their contract was done to the satisfaction of the architect, except concreting in provision cellar and whitewashing on walls of court. The concreting had been done, but, being dissatisfied with it, the architect directed it to be done over. It is averred, in a special count of the declaration, the work that remained to be done was trifling in amount, and that plaintiffs were hindered and delayed in doing it by the conduct of defendant by reason of his delay in work to be performed by him.

Before the building was entirely finished by Clark, it was destroyed by fire. The architect then made a certificate of deductions on account of things that had not been done, which formed the basis of a settlement between Clark and the owner. Accordingly, a settlement was made, and, after deducting items certified by the architect and 10 per cent on the entire contract, Stone paid Clark $21,038.25, in money and real estate, in full settlement of their accounts. Among deductions made from the contract price, in that settlement, were two items, one for concreting cellar, $30, and one for whitewashing court, $50 —work that was unfinished in plaintiffs' contract when the building was destroyed.

Mr. JOHN WOODBRIDGE, for the appellant.

Messrs. ALLEN, BARM & ALLEN, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The variance between the declaration and proof, insisted upon, on examination, is not found to exist. The averment the work was to be paid for in "installments from time to time," is sufficiently proven by evidence it was to be paid for by a certain per cent of the estimates made from time to

time as the work progressed. That was the agreement, and so all payments were made.

The contract between plaintiffs and defendant did not provide, nor was it in contemplation of the parties, the architect should give plaintiffs estimates of the value of work as it progressed, nor that they should be required to obtain his final certificate, as to completion of their sub-contract, as a condition precedent to payment. Defendant's contract with the owner contained such provisions, and it is obvious it was upon estimates made for him that plaintiffs were to be paid. That was the construction the parties themselves placed upon the contract as it was being performed. No estimates were ever made for plaintiffs of their work, but all payments were made upon certificates given to the principal contractor. Our understanding is, that proof that plaintiffs had, in fact, completed their work to the satisfaction of the architect superintending, no matter how made, whether by his certificate or otherwise, was all that was necessary to enable them to recover.

It may be conceded the certificate made by the architect was not in the form of a final certificate as contemplated by the agreement between defendant and the owner. The building had been destroyed by fire before it was finished, and no other certificate could be made. It was satisfactory when made to defendant and the owner, and as they were the parties most interested, if they were satisfied with it, we do not understand how it can be made a matter of contention between other parties. By it the principals to the contract were enabled to settle all difficulties that had arisen, and that is all the office a final certificate can perform.

The point most elaborated for the defense is, that plaintiffs never performed their contract. The proof, however, shows a substantial performance of the entire contract to the satisfaction of the architect, who, by the terms of the agreement, was constituted sole judge. All that remained to be done was of trifling importance, viz: concreting in provision cellar and whitewashing in rear court. Evidence offered tends to show that would have been done before destruction of the building

had it not been for delay caused by default of defendant. But be that as it may, whatever failure there was in the performance of the sub-contract on the part of plaintiffs was waived in the adjustment between the original contractor and the owner of the building. A deduction for these items was specifically made, and the architect's estimates of their value allowed. What was done between the principal contractor and the owner brings this case exactly within the principle of *Havighorst* v. *Lindberg*, 67 Ill. 463. In that case, as in this, the contract had been substantially performed, and the sub-contractor was permitted to have a lien established in his favor, notwithstanding some things of minor importance had not been done, on the ground the owner of the building, in his settlement with his principal contractor, had waived literal performance. It was his privilege to do so, and there can be no just complaint on that score.

The claim to have judgment over against plaintiffs, as set forth in a special plea, for the amount paid them under the contract, because the contract was not literally fulfilled, in the failure as to the two small items mentioned, has not a shadow of justice or equity in its favor. Cases cited in this and other courts as to the imperative obligation of a contractor to complete for his employer a projected work according to the terms of his agreement, are not in point. They declare the doctrine that, unless the contract provides against contingencies that may happen during its progress, the loss, if any occurs, will fall upon him who has agreed to do any given work that is possible to be done, because his agreement is to that extent, and he is not excused from performance by reason of its sudden destruction; but we apprehend that principle can have no just application to a sub-contractor who has simply undertaken to do a distinct portion of the work. He is not responsible for the destruction of the main work undertaken by the contractor, and, being prevented by no fault of his from completing his agreement, on the doctrine of *Schwartz* v. *Saunders*, 46 Ill. 18, he would be entitled to recover for work actually done. The case cited has many elements in common with the one in

hand, and is a strong authority for the affirmance of this judgment.

These views render it unnecessary to remark upon instructions given and refused. Our judgment is, defendant was not prejudiced by the action of the court in that particular, whether it was entirely correct in all its decisions, for we are satisfied, upon full consideration, justice has been done.

The judgment must be affirmed.

*Judgment affirmed.*