GILBERT AND BARKER MANUFACTURING COMPANY *vs.* BAZALDA BUTLER.

Hampden.    September 28, 1887. — January 10, 1888.

Present : MORTON, C. J., FIELD, DEVENS, W. ALLEN, & KNOWLTON, JJ.

*Contract — Part Performance — Work and Materials.*

One who agrees to put in a gas machine for a certain sum, and is prevented from completing his contract before the destruction of the building solely by the failure of the owner to do carpenter work as agreed, can recover for work done and materials furnished.

CONTRACT for work done and materials furnished. Trial in the Superior Court, without a jury, before *Dewey*, J., who found for the plaintiff, and the defendant alleged exceptions. The facts appear in the opinion.

*C. L. Gardner*, for the defendant.

*G. Wells*, for the plaintiff.

W. ALLEN, J. The plaintiff made a contract with the defendant to furnish certain fixtures and appliances in and about a building that the defendant was to have erected; for which the defendant agreed to pay a specific sum. The plaintiff performed

its contract only in part, and this action is not upon the contract, but in general assumpsit for labor and materials furnished in such part performance. If it appears that the non-performance of the contract by the plaintiff was caused by the fault of the defendant, and that without the fault of the plaintiff the contract has been rescinded or put an end to, so that nothing more can be done under it, and no action will lie upon it, this action can be maintained.

The contract provided for furnishing the machinery and appliances for supplying a hotel, and a barn and bowling-alley near it, with gas. The plaintiff was to furnish and put in place an air-pump, a mixing regulator, a tank or gas-generator, and pipes and fittings to distribute the gas about the buildings; the defendant was to do all the earth-work, mason-work, and carpenter-work that was required. So far as the work to be done by the defendant was a condition precedent to work to be done by the plaintiff, the contract implied that the defendant should have it seasonably done, so as not to delay the plaintiff after it had been notified that the buildings were ready and had commenced work under the contract.

The plaintiff had put the holder or gas-generator into the defendant's land, and the pipes in the hotel and in the barn and bowling-alley, and the air-pump and mixing regulator in the cellar of the hotel, and had completed everything required of it by the contract except filling the weight case and attaching the pulleys and cords by which the air-pump was worked. The case, pulleys, and cords were provided, and everything was finished in accordance with the contract except filling and hanging the weight case. The plaintiff was prevented from doing that, and from completing the work under the contract, by the neglect of the defendant to furnish the frame to which the case was to be hung. Not only was the frame not ready, but the defendant was not then prepared to build it. The plaintiff left the work unfinished solely because the breach by the defendant of his contract to furnish the carpenter-work made it impossible for the plaintiff to finish its work at that time. The plaintiff did not rescind the contract, if it had the right to do so. The work was substantially all done. The hotel was not completed. When it should be completed, the plaintiff would have occasion — though

it was not required by the contract — to send a man to the premises to start up the machinery, and the same man could attend to filling and hanging the weight box, and attaching the cords and pulleys.    The plaintiff intended to do this, and it was understood by both parties that it would be done.    The hotel was destroyed by fire before it was finished, and before the plaintiff had notice that the frame was ready.    The destruction of the building without the fault of either party absolved both parties from the obligation of the contract, and rendered further performance of it by the plaintiff impossible; it worked a virtual dissolution of the contract.

It is hardly necessary to cite authorities or adduce arguments to sustain the proposition, that, if the plaintiff had furnished labor and materials under an entire contract, which it had not fully performed at the time the contract was dissolved, and if such non-performance was owing to the fault of the defendant, the plaintiff can maintain an action for the labor and materials. *Rawson* v. *Clark*, 70 Ill. 656, and *Garretty* v. *Brazell*, 34 Iowa, 100, are in point.

There is no question that the fault of the defendant prevented the completion of the plaintiff's work at some time before the fire, and it must be taken to have been the cause of the non-completion of the work at the time of the fire, unless some fault of the plaintiff intervened as a contributing cause.    The plaintiff could not be in fault unless he was under obligation to perform the contract, and had an opportunity to complete the work.    If the breach of contract by the defendant was such as to give the plaintiff a right to rescind the contract, and he exercised that right, he would be under no obligation further to perform the contract, and could not be in fault in not doing so.    If the circumstances were such that he could not, or if he did not, rescind the contract, but continued under its obligation, the fact would remain that he would have fully performed the contract but for the fault of the defendant, and that fault would remain the cause of the non-performance until the plaintiff should be in fault.    The plaintiff could be in no fault in not completing the work until it had notice that the defendant had finished the frame.    Although the frame was in fact ready two months before the hotel was burned, the plaintiff had no notice of it.    It had no reason to

suppose that the defendant had rendered it possible to finish the work, and we need not consider what would have been the effect of notice from the defendant before that time, that he had performed the condition precedent, with a request to the plaintiff to complete the work.

The plaintiff was not in fault in not insisting upon a speedy performance of the contract by the defendant, and in agreeing to a postponement. The defendant had already broken his contract, and prevented the plaintiff from completing its part, and obliged it to suspend its work, and it could not perform the little that remained until the defendant had performed his part. At what time that should be done was immaterial. It might be more desirable and convenient for both parties that it should not be done until the building was finished, so that the machine could be put in use. The defendant's work was a condition precedent to the plaintiff's, and if they mutually agreed that both should be postponed for a time their relations were not changed, nor was the fact altered that the failure of the defendant to finish his work prevented the plaintiff from performing its contract.

Without deciding, that, if there had been no fault in either party, the destruction of the building before the plaintiff had fully performed its contract would give it a right to recover for what it had furnished under it, (see *Lord* v. *Wheeler*, 1 Gray, 282; *Cleary* v. *Sohier*, 120 Mass. 210; *Wells* v. *Calnan*, 107 Mass. 514; *Appleby* v. *Myers*, L. R. 2 C. P. 651,) we decide that, as the plaintiff had been prevented from performing its contract by the fault of the defendant, and as, without the fault of the plaintiff, the contract remained unperformed at the time it was dissolved by the burning of the building, the plaintiff can recover for the labor and materials furnished under the contract, although the completion of the work had been further delayed by the consent of both parties, and without the immediate fault of either.                        *Exceptions overruled.*