Hale, J.
This is a proceeding in which the reversal of the judgment of the common pleas is sought. The judgment was in favor of Brown, who was plaintiff, against Bailey, who was ^.defendant below. I shall use the terms “plaintiff” and “defendant” as they appear in the petition in error.
The undisputed facts are, that the-plaintiff Bailey, sometime in March, 1892, entered into a contract with the National Sewer Pipe Company, a corporation located and doing business at Barberton, Ohio, by which he agreed to erect for the corporation by The National Sewer Pipe Company.
He-was to furnish all materials, do all the work, and build two additions known as the north and south wings of the. building.
He made a sub-contract with a mason by the name of McGarry, to do the brick-work, erect the walls, and do the mason work connected with the building, and with Brown, the defendant, to furnish the materials and do the wood work upon the entire building.
The proposals from Brown and McGarry were received by Bailey, probably before he took the contract with the Sewer Pipe Company, hut that could make, no difference, as the contract was not completed until after the contract was made between the plaintiff and The Sewer Pipe Company; so that it must be regarded as a contract made with Bailey, after he had taken his contract with the Sewer Pipe Company.
On July 24, 1892, and after this work was nearly completed the walls of the north wing were blown down and the *457 wood work, of course, carried witb. it, and much broken and injured. The defendant Brown removed the rubbish; sofaras related to the wood work at least the walls were restored, and as they were restored, Brown furnished additional materials, and replaced the wood work up to the point that the building had reached when blown down.
The basis of the defendant’s action against the plaintiff was, that the plaintiff was responsible to the defendant for the cost ■of restoration of the wood work, and that claim is based upon two propositions:
First. — That the destruction of the building was caused by the negligence of Bailey, in that the mortar used in laying the •brick was weak and unsuitable for its purpose, and that brick were not properly wet or laid.
Second. — He alleges that on the 29th day of July, four days after this building was blown down, he entered into a contract with the plaintiff, whereby the plaintiff agreed to pay to him the cost of the restoration of the building.
The defendant makes the further claim that from time to time, as he put the wood work in this building, it was accepted and paid for by the plaintiff, who, having accepted and paid for it, should bear the loss occasioned by its destruction, and the defendant should not be required to restore the building ■at his own expense.
The cost of the restoration was something more than three .thousand dollars.
The answer to these claims was that the party who built the brick work, McGarry, was an independent contractor, that is, independent of Bailey, and that if there was any negligence about the doing of the work, it was the negligence of McGarry, and not of this plaintiff, and, therefore, the plaintiff was not, for that reason, responsible to Brown for the destruction ofthe wood work.
There was also a denial bn the part of the plaintiff, that there was any negligence whatever in the construction of the walls of the building.
*458 He says further, that if there was any fault anywhere,, it was on the part of Brown, who did not properly brace and protect his wood work; and that the building fell by reason of that fact.
He says further, that the building was blown down by a tornado, and the loss was the result of an inevitable accident, for which neither party was responsible.
Again, he claims that the plaintiff, after he had completed the wood work, having restored that portion which was destroyed, and finished the work, entered into a full settlement with the plaintiff by which the whole matter between them was adjusted, and the plaintiff paid the defendant the full amount due him.
The question made in the pleadings, of the negligence of Bailey, was, for two purposes, attempted to be established :
First. — As a distinct ground of recovery. That is, that by the negligence of the plaintiff, this injury was caused; that the building was restored by the defendant at plaintiff’s request, and that therefore the plaintiff should respond to the defendant for the cost of that restoration.
Second — It was made the basis, of the consideration for the agreement, which it is claimed plaintiff made, to pay the defendant for the building.
The claim made that the destruction of the building was caused by the negligence of the defendant in not properly completing the wood work, is not sustained by the evidence, and the finding of the jury upon that claim was against the plaintiff. Upon the claim that a full settlement had been made, the jury found against the' plaintiff, and we think,, properly so.
The most favorable claim that can be made in behalf of the plaintiff is that the destruction of the building was caused by an inevitable accident for which neither party was responsible, and that the loss occasioned by the injury to the wood work must therefore fall upon the defendant. > If, however, under the law, the destruction of the wood work was in fact *459 the plaintiff’s loss, and not. defendant’s, we need not to 'stop to inquire whether the destruction of the building was caused by the negligence of the plaintiff'or by an inevitable accident. The same result would follow in this case whether for the one reason or the other. If, for any reason, it was plaintiff’s loss, then the burden of restoring the wood work must be borne by ■him, and certainly would furnish ample consideration for a promise made by him to pay to the defendant the cost of such restoration. We will therefore first inquire whether the •destruction of the building and the injury to ’ the wood work was in fact plaintiff’s or defendant’s, loss, although ■caused by an inevitable accident for which neither was responsible.
The rule between a contractor and an owner of a building where the contract is for the entire building, is well defined. If one contracts to furnish lumber and materials to construct a chattel or build a house on the land of another, he will not ordinarily be excused from the performance of his contract by ■the destruction of the chattel or the building without his fault ■before, the time fixed for the delivery of it. The contractor in such_ca.se continues to.be_the_owner...0,fJ:hé_ building until completed and turned over to the. party for whom it was eonstructed. If destroyed before the completion of the contract, he must restore it and complete his contract before he can recover any consideration for the work and material furnished. But, it is contended that there is a marked difference between the cases where a contractor has undertaken to erect and complete an entire building, and the one where the contractor has undertaken to do only a certain part of the work upon a building to be erected, or to do certain work upon a building already erected. There seems to be very little distinction, if any, to be taken between the rule applicable to personal and. .real property in this respect. If one is employed to manufacture a carriage after a particular pattern, and during the progress of the manufacture the carriage is destroyed, it is thé loss- of the manufacturer who made it; but if the man *460 ufacturer is employed to make repairs upon a carriage, and having made a portion of the repairs, the carriage is destroyed without his fault, he may recover pro tanto, because he has done work \ pon another’s property, and not his own. His contract is to make repairs and perform work upon that particular property. So, if one is employed to construct an entire building, continues in possession and ownership of the building until constructed, if destroyed by accident, the destruction is of his property, and not that of the owner of the land. . But if one is employed to make repairs upon the property of another, or to do only a portion of the work upon a building in process of construction, and the building while in course of construction or repair, is destroyed, the property of the owner of the building is destroyed, not his.
The ground upon which a recovery can not be maintained in the first instance, between a contractor who has a contract for the entire building, and the owner, is, that the contractor has not completed his contract, and there is no legal excuse for his failure to do so. In the case of a sub-contractor, one who has but a portion of the work to do, the remainder, being done by the owner or principal contractor, there is a legal excuse for the non-performance of the contract on the part of ; the sub-contractor. The' destruction of the property upon i which the work is to be done, without the fault of the sub- | contractor, furnishes such excuse, and the sub-contractor may recover upon his contract pro tanto, because'of'the fact that he is excused from its full performance, having been prevented from doing so without his fault.
On a careful examination of the authorities, as well as upon principle, we reach the conclusion that when work is to be done under a contract, on a chattel or building which is not wholly the property of the contractor, or. for which he is not wholly accountable, and the chattel or building is destroyed before the completion of the contract, by an enevitable accident, the contractor may recover pro rata for the work done prior to the destruction of the chattel or building. When *461 work is to be done under a contract upon a building in existence, or to be built by another, it is an implied condition of the contract that the building shall continue in existence, and its destruction without fault of either of the' parties, will excuse performance of the contract, and a right of action accrues to the contractor for the work done.
This conclusion is sustained by a large number of authorities from which we cite: Butterfield v. Bryan, 153 Mass. 517; Clarke v. Busse, 82 Ill. 515; Carretty v. Brasil, 34 Iowa 100; Cook v. McCabe, 53 Wis. 250.
There are other cases less’directly in point.
If then, the responsibility for the loss of the building was such as 1 have indicated, and the defendant, at the request of the plaintiff, restored the wood work, then there was an. implied promise on the part of the plaintiff to pay to the defendant the cost of such restoration, and there was ample consideration to support such promise.
Reaching the conclusion, as we do, that this action could1 be maintained even though the destruction of the building was caused by an inevitable accident, it is unnecessary to consider the other propositions made in the case at any length. If the destruction of the building was the result of the negligence of the plaintiff Bailey, it would only add another ground upon which to rest his liability.
Again if, as claimed, McGarry was an independent contractor, and his negligence caused the destruction of the building, the building was destroyed without the fault of the defendant Brown, and he would, in that event, be under no obligations to re-construct the wood work in the building, and could still recover pro tanto upon his contract for the labor and materials furnished prior to its destruction. There would still remain the same consideration for the promise of the plaintiff to pay him for such re-construction, whether the promise was express or implied.
We might add, that on a careful review of this record, we have no doubt that the jury found the destruction of the *462 building was in fact, caused by a cyclone, for which neither party was responsible:
Grant & Sieber, for plaintiff in error.
Oviatt, Allen & Cobbs, for defendant in error.
The charge of the court was not strictly in the line I have here indicated. The court seems to have given to the jury the same rule of law governing the rights of the plaintiff and defendant, as would be applicable in a controversy between the plaintiff and the Sewer Pipe Company. The charge was much more favorable to the plaintiff than we have determined the true rule to be.' We see, however, no reason for holding that the pláintiff was prejudiced by the law being stated to the jury much more favorable than he was entitled to have it stated. We find no error in this record, and the judgment of the court of common pleas is affirmed.