## John T. McGrath and James M. Attley, partners under the name of McGrath & Attley, v. Frank Donaldson.

1. MECHANICS' LIENS—*Rights of Sub-contractors.*—A sub-contractor is not entitled to a lien under the lien law of 1874, unless notice has been given the owner as provided by law.

2. SAME—*When the Owner May Pay the Contractor.*—Until the owner is notified of the sub-contract in one of the ways prescribed by the statute, he may lawfully pay money to the original contractor, whether due or not, and does not thereby violate the rights of sub-contractors of which he has not been notified.

3. SAME—*The Law to be Strictly Construed.*—The lien law is to be strictly construed, and he who seeks a lien must show a clear compliance with all its requirements.

Mechanic's Lien.—Appeal from the Circuit Court of Ogle County: the Hon. JAMES SHAW, Judge, presiding. Heard in this court at the October term, 1899. Affirmed. Opinion filed February 1, 1900.

J. W. ALLABEN, attorney for appellants; JAMES LINDEN, of counsel.

J. C. SEYSTER, attorney for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

On April 10, 1899, McGrath and Attley, partners, filed this bill against Frank Donaldson and John Walker to enforce a sub-contractor's lien upon land owned by Donaldson in Ogle county, for materials furnished and used in the construction of a dwelling house thereon. The Circuit Court sustained a demurrer to the bill of complaint and dismissed it. The complainants appeal.

The bill shows that in November, 1894, Donaldson entered into a parol contract with Walker for the construction of a dwelling house upon the premises described in the bill for $1,295, nothing being agreed as to when payments should be made; that about December 1, 1894, Walker made a parol contract with complainants to furnish materials for

the house for $740, to be furnished within a reasonable time; and that they did furnish materials under said contract, and some extras, up to April 8, 1895, when Walker ceased calling for material, and did not thereafter call for the rest of the material complainants were to furnish. The bill states the amounts furnished by complainants, the sums paid them by Walker, the materials returned to them, and that there was left $380.49 due them, which is still unpaid. The bill further states that Walker abandoned the building, leaving it unfinished, about April 15, 1895, and has since done nothing toward the completion of the work and the fulfillment of his contract with Donaldson; that Donaldson from time to time had paid Walker various sums on his said contract, when in fact nothing was due him till the completion of the building, and that said payments were in violation of and prejudicial to the rights and interests of complainants, and that if Donaldson had not wrongfully made these illegal payments to Walker there would have been enough money left in Donaldson's hands to pay the balance due complainants. The bill sought to establish a lien upon the premises for the balance due complainants.

The rights of the parties are to be determined by the lien law of July 1, 1874, with such amendments thereto as were in force during the period covered by the dates stated in the bill of complaint. Complainants base their bill upon section 45 thereof, which provides that if the original contractor shall fail to complete his contract, " any person entitled to a lien as aforesaid may file his petition in any court of record against the owner and contractor; " that the parties employed on the building shall have notice of the suit, and may appear and have their claims adjudicated, and "decree shall be entered against the owner and original contractor for so much as the work and materials shall be shown to be reasonably worth, according to the original contract price, first deducting so much as shall have been rightfully paid on the original contract by the owner, and damages, if any, that may be found to be occasioned the owner by reason of the non-fulfillment of the original contract; the balance to

be divided between such claimants in proportion to their respective interests, to be ascertained by the court."

The lien of a sub-contractor is given only by section 30 of said act. In order for a sub-contractor to be "entitled to a lien," within the meaning of said sections 30 and 45, he must have served written notice upon the owner as provided in sections 31 and 32, unless the original contractor has furnished the owner a sworn statement under section 36, giving the owner true notice of the amount due the sub-contractor. A sub-contractor is not entitled to a lien under said act unless notice has been given the owner in one of the two ways above stated. (Butler v. Gain, 128 Ill. 23; Shaw v. Chicago Sash Mfg. Co., 144 Ill. 520.) The bill of complaint does not state that complainants gave Donaldson any notice of the sub-contract, nor that the original contractor furnished the owner a sworn statement containing such notice. Complainants did not therefore by their bill show that they were "persons entitled to a lien," and did not show they were persons entitled to the benefits of section 45. They also did not state in their bill whether the owner afterward completed the building, nor at what cost, nor that anything is left in the hands of the owner, after deducting what he paid Walker and his damages by reason of the non-fulfillment of the original contract. The only claim of the bill in that respect is that because Donaldson paid money to Walker before the building was completed, and before it was due under the implied contract to pay when the building was completed, he paid the money wrongfully, and in violation of the rights and interests of the sub-contractors, and that if he had not done so there would have been money in Donaldson's hands sufficient to liquidate complainants' demand. The cases above cited clearly show that until the owner is notified of the sub-contract in one of the ways prescribed by the statute, he may lawfully pay money to the original contractor, whether due or not, and does not thereby violate the rights of sub-contractors of which he has not been so notified. (Prescott v. Maxwell, 48 Ill. 82.)

The lien law is to be strictly construed, and he who seeks such lien must show a clear compliance with all the requirements of the statute. This complainants did not do, and therefore the demurrer was properly sustained to their bill of complaint. The decree is affirmed.