HENRY S. ANGUS & another *vs.* JOHN T. SCULLY.

Middlesex.    November 23, 1899. — June 20, 1900.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Special Contract to do Work on Building — Implied Condition as to Building continuing to exist — Action — Quantum Meruit.*

Where one is to make repairs or do any other work on the house of another under a special contract, and his contract becomes impossible of performance on account of the destruction of the house without any fault on his part, he may recover for what he has done, one of the implied conditions of the contract being that the building should continue to exist.

CONTRACT, on an account annexed for moving buildings in Cambridge. The answer set up, among other things, non-performance due to the destruction of the building by fire, by reason of the negligence of the plaintiffs. At the trial in the Superior Court before *Stevens*, J., the jury returned a verdict for the plaintiffs; and the defendant alleged exceptions, which appear in the opinion.

*J. H. Hurley*, for the defendant.

*E. B. Hale*, for the plaintiffs.

HAMMOND, J. The contract was that the plaintiffs should move a large building belonging to the defendant from a lot on Third Street to a lot on First Street, and also to change the

location of two other buildings, of which one was on the First Street lot and one on the Third Street lot, and the defendant was to pay them $840.

In accordance with the agreement the plaintiffs began the work. " They first moved the house on the Third Street lot, and then began to move the large building from the Third Street lot across certain open lots toward the lot on First Street. When said last named building had been moved about half the distance to said lot on First Street, it was entirely consumed by fire at some time during the night, and thereupon, with the assent of the defendant, no further work was done in moving either of the other buildings."

In this action the plaintiffs seek to recover the fair value of the services rendered by them in the work done down to the time of the fire.

The court refused to rule as requested by the defendant that the plaintiffs could not recover, and submitted the case to the jury upon instructions which would authorize them to find for the plaintiffs, if they were satisfied that the fire was not attributable to any negligence of the plaintiffs.

We see no error in the rulings under which the case thus went to the jury.

Clearly one of the implied conditions of the contract was that the building should continue to exist. Upon the destruction of the building the work could not be completed according to the contract. Authorities differ as to the rights of the parties in such a case, but so far as respects this Commonwealth the rule is well settled. As stated by Knowlton, J., in *Butterfield* v. *Byron*, 153 Mass. 517, 523, " The principle seems to be, that when, under an implied condition of the contract, the parties are to be excused from performance if a certain event happens, and by reason of the happening of the event it becomes impossible to do that which was contemplated by the contract, there is an implied assumpsit for what has properly been done by either of them, the law dealing with it as done at the request of the other, and creating a liability to pay for it its value, to be determined by the price stipulated in the contract, or in some other way if the contract price cannot be made applicable."

Stated more narrowly and with particular reference to the cir-

cumstances of this case, the rule may be said to be that where one is to make repairs or do any other work on the house of another under a special contract, and his contract becomes impossible of performance on account of the destruction of the house without any fault on his part, then he may recover for what he has done.

This case comes clearly within this rule. *Lord* v. *Wheeler*, 1 Gray, 282. *Butterfield* v. *Byron, ubi supra,* and cases therein cited.                                    *Exceptions overruled.*