## DAVIS H. YOUNG *vs.* CITY OF CHICOPEE.

Hampden.    September 27, 1904. — October 18, 1904.

Present: KNOWLTON, C. J., BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Contract*, Implied: common counts.  *Sale.*

A contract with a city, for the repair of a wooden bridge forming part of a highway, provided that the timber and other woodwork of the carriage way, wherever decayed, should be replaced by sound material, the contractor to be paid a certain sum per thousand feet for new material wrought into the bridge, and that no work should be begun until material for at least one half of the repairs contemplated should be "upon the job." Complying with this condition, the contractor distributed lumber "all along the bridge" and upon the river banks. While the work was proceeding the bridge and the lumber upon it were destroyed by fire. *Held*, that the city was not liable for lumber thus destroyed which had been distributed for use in the work but not wrought into the bridge, its liability being confined to paying for such portion of the work and materials as had become identified with the bridge at the time of its destruction.

CONTRACT for labor and materials furnished in repairing a wooden bridge totally destroyed by fire while the work was proceeding.   Writ dated November 24, 1903.

At the trial in the Superior Court *White*, J. refused to rule that the defendant was not liable for the loss of material upon the bridge or its approaches which had not been wrought into the structure at the time of the fire.

The jury returned a verdict for the plaintiff in the sum of $1,312.43.   The defendant alleged exceptions, wherein it was stated, that if the plaintiff could recover in any form of action for the materials furnished but not wrought into the bridge, and consumed by fire, judgment was to be entered on the verdict, but, if the plaintiff was not entitled to recover for such materials, judgment was to be entered for the plaintiff in the sum of $584.77.

*L. White*, for the defendant.

*T. D. O'Brien*, for the plaintiff.

HAMMOND, J.   This is an action to recover for work and materials furnished under a written contract, providing for the repair of a wooden bridge forming a part of the highway across the Connecticut River.   While the work was in progress the

bridge was totally destroyed by fire without the fault of either party, so that the contract could not be performed.

The specifications required that the timber and other woodwork of the carriage way, wherever decayed, should be replaced by sound material securely fastened, so that the way should be in a "complete and substantial condition." As full compensation both for work and materials the plaintiff was to receive a certain sum per thousand feet for the lumber used "on measurements made after laying and certified by both engineers," or, in other words, the amount of the plaintiff's compensation was measured by the number of feet of new material wrought into the bridge. That the public travel might not be interfered with more than was reasonably necessary, the contract provided that no work should be begun until material for at least one half of the repairs contemplated should be "upon the job." With this condition the plaintiff complied, the lumber, which at the time of the fire had not been used, being distributed "all along the bridge" and upon the river banks. Some of this lumber was destroyed by the fire.

At the trial the defendant did not dispute its liability to pay for the work done upon and materials wrought into the structure at the time of the fire; (*Angus* v. *Scully*, 176 Mass. 357, and cases there cited;) and the only question before us is whether it was liable for the damage to the lumber which was distributed as above stated and had not been used.

It is to be noted that there had been no delivery of this lumber to the defendant. It was brought "upon the job" and kept there as the lumber of the plaintiff. The title to it was in him and not in the defendant. Nor did the defendant have any care or control over it. No part of it belonged to the defendant until wrought into the bridge. The plaintiff could have exchanged it for other lumber. If at any time during the progress of the work before the fire the plaintiff had refused to proceed, the defendant against his consent could not lawfully have used it. Indeed had it not been destroyed it would have remained the property of the plaintiff after the fire. Nor is the situation changed, so far as respects the question before us, by the fact that the lumber was brought there in compliance with the condition relating to the commencement of the work. This condition manifestly was in-

serted to insure the rapid progress of the work, and it has no material bearing upon the rights of the parties in relation to the lumber. It is also to be borne in mind in this connection that the compensation for the whole job was to be determined by the amount of lumber wrought into the bridge.

The contract was entire. By the destruction of the bridge each party was excused from further performance and the plaintiff could recover for partial performance. The principle upon which the plaintiff can do this is sometimes said to rest upon the doctrine that there is an implied contract upon the owner of the structure upon which the work is to be done that it shall continue to exist, and therefore, if it is destroyed, even without his fault, still he must be regarded as in default and so liable to pay for what has been done. *Niblo* v. *Binsse*, 1 Keyes, 476. *Whelan* v. *Ansonia Clock Co.* 97 N. Y. 293. In *Butterfield* v. *Byron*, 153 Mass. 517, 523, it was said by Knowlton, J. that there was "an implied assumpsit for what has properly been done by either [of the parties], the law dealing with it as done at the request of the other, and creating a liability to pay for it its value." In whatever way the principle may be stated, it would seem that the liability of the owner in a case like this should be measured by the amount of the contract work done which, at the time of the destruction of the structure, had become so far identified with it as that but for the destruction it would have enured to him as contemplated by the contract.

In the present case the defendant, in accordance with this doctrine, should be held liable for the labor and materials actually wrought into the bridge. To that extent it insured the plaintiff. But it did not insure the plaintiff against the loss of lumber owned by him at the time of the fire, which had not then come into such relations with the bridge as, but for the fire, to enure to the benefit of the defendant as contemplated by the contract. The cases of *Haynes* v. *Second Baptist Church*, 88 Mo. 285, and *Rawson* v. *Clark*, 70 Ill. 656, cited by the plaintiff, seem to us to be distinguishable from this case.

The exceptions therefore must be sustained and the verdict set aside. In accordance with the terms of the statement contained in the bill of exceptions, judgment should be entered for the plaintiff in the sum of $584 damages, and it is

*So ordered.*