No. 31,011.

W. C. WILSON, *Appellee,* v. SCHOOL DISTRICT No. 40 in Labette County, *Appellant.*

(22 P. 2d 433.)

Opinion filed June 10, 1933.

*Payne H. Ratner,* of Parsons, for the appellant.

*C. S. Denison,* of Pittsburg, *Carl V. Rice* and *Dwight A. Olds,* both of Parsons, for the appellee.

The opinion of the court was delivered by

SMITH, J.: The action was one to recover money on a written contract. Judgment was for plaintiff. Defendant appeals.

The pertinent part of the contract was as follows:

"The party of the first part agrees to furnish, install and erect a complete heating and ventilating system for the party of the second part in their school building and gymnasium at Mound Valley, Kan., . . . and when work is completed will turn building and equipment over to party of the second part in good and substantial manner. The contractor further guarantees that when the work is completed that it will pass satisfactorily the fire underwriters' code, and specifications for heating and ventilating apparatus for school buildings. First party agrees that all rooms will be heated to a temperature of 70 degrees at zero weather, and if gymnasium is ceiled with Cellotex or equal to Cellotex, party of the first part will agree to heat gymnasium to a temperature of 70 degrees at zero weather; it being understood, however, that party of the first part will not be held liable for nonheating of any room or rooms where his directions are not specifically complied with. It is hereby specifically pointed out that the school building and gymnasium cannot both together be heated to a temperature of 70 degrees at zero weather, and party of the second part agrees and understands that this heating system is an alternating system and that when one building is to be heated, the other building is to be cut off by means of a damper which will be furnished by party of the first part. . . . Work to be completed in all rooms before September 1, 1929."

On October 2, 1929, the schoolhouse burned down. The heating plant was destroyed. At the time of the fire some employees of plaintiff were at work completing the installation. Part of the contract price had been paid by defendant. This action was for the balance of the contract price.

The defendant filed an answer and cross petition in which it denied that plaintiff had completed the installation; charged that the building was destroyed through the negligence of plaintiff, and prayed for damages for the value of .the building. The insurance companies, which had the insurance on the building, interpleaded and prayed for damages against the plaintiff and for subrogation.

The jury found generally for the plaintiff. Special questions were answered in part as follows:

"1. Do you find from the evidence plaintiff completed for defendant school district the installation of the heating plant and ventilating system in accordance with the terms of the contract sued on herein? A. No.

"2. If you answer question No. 1 in the negative, do you find plaintiff substantially completed the installation of said heating plant and ventilating system in accordance with the terms of the contract sued on herein? A. Yes.

"3. If you answer question No. 2 in the affirmative, state—

"(a) What you find to have been necessary to complete said installation in accordance with the terms of contract. A. Switch not working properly. Boston lock not installed, tunnel not filled. System not tested out.

"(b) The reasonable value of the labor and material necessary to complete the heating and ventilating system in accordance with the terms of the contract. A. $210."

Judgment was rendered according to the general verdict.

Defendant argues that these findings are not supported by the evidence and that its motion to set aside finding No. 2 and for judgment on the answers notwithstanding the general verdict should have been sustained.

The things which the evidence showed were not yet done were trivial details; a switch not working properly; a Boston lock, which consisted of only a strip of metal to be placed around a joint in an air duct, was not in place and a tunnel not filled. It cannot be said that these details were of sufficient importance to warrant a court in holding that they constituted a failure to substantially complete the heating plant.

Defendant argues the contract was an indivisible one, that plaintiff did not fully complete it, and therefore plaintiff is not entitled to pay for any part of the work done and materials furnished when the building was destroyed, making completion impossible.

This court held otherwise in the case of *Carroll v. Bowersock*, 100 Kan. 270, 164 Pac. 143. There the court was considering the question of the right of a contractor to recover for materials on hand to be used in the construction of a cement floor in a building when the building was destroyed by fire. The court said:

"The test of benefit received has been variously stated. Sometimes it is said that benefit accrues whenever the contractor's material and labor, furnished and performed according to the contract, have become attached to the owner's realty. The facts of particular cases suggest different forms of expression. After considering all the authorities cited in the briefs, the court is inclined to approve, for the purposes of this case, the form adopted by the supreme court of Massachusetts in the case of *Young v. Chicopee*, 186 Mass. 518, cited by the plaintiff. The action was one for labor and material furnished to repair a bridge destroyed by fire while the work was proceeding. The contract required at least half of the material to be 'upon the job' before work commenced. The contractor complied with this condition, and distributed material 'all along the bridge' and on the river bank. A portion of the ma-

terial thus distributed but not wrought into the structure was destroyed by fire. Liability for work done upon and material wrought into the structure was not disputed, but the contractor sought to make good his entire loss. The court said:

" 'In whatever way the principle may be stated, it would seem that the liability of the owner in a case like this should be measured by the amount of the contract work done which, at the time of the destruction of the structure, had become so far identified with it as that but for the destruction it would have enured to him as contemplated by the contract.' "

The rule is also stated in 9 C. J. 807, as follows:

"Where the contract is for the performance of work on an existing structure which must continue to exist in order that the work may be performed, and such structure is not wholly under the control of the builder, as where repairs or alterations are to be made on a building, or where the contract is for the construction of a particular part of a house, the agreement is on the implied condition that the structure on which the work is to be done shall continue in existence, and if the structure is destroyed without the fault of the builder before the work is completed, he is excused from further performance."

In the case at bar we have a case which falls clearly within the above rule. The contract was for work on a building over which the contractor had no control; the work was substantially completed and the building was destroyed through no fault of the plaintiff.

The judgment of the trial court is affirmed.