## M. AHERN Co. *vs.* JOHN BOWEN Co., INC.

Suffolk.    March 6, 1956. — April 5, 1956.

Present: QUA, C.J., RONAN, COUNIHAN, & WHITTEMORE, JJ.

*Contract,* Building contract, Performance and breach, Implied contract, Subcontract.    *Words,* "Benefit."

Where, after there had been partial performance of the work under a subcontract requiring the subcontractor to do plumbing in the construction of a building for the Commonwealth in accordance with the general contract and providing for "terms of payment . . . the same as . . . [the general contractor's] terms of payment with" the Commonwealth, further performance of the subcontractor's work became impossible upon an adjudication that the general contract was void due to irregularities in the general contractor's bidding therefor, the subcontractor was entitled to recover from the general contractor for the value of the work done by the subcontractor up to the time of such adjudication less sums paid to the subcontractor by the general contractor pursuant to the subcontract from money received from the Commonwealth upon requisitions honored before that time, even though the general contractor was not entitled to be paid by the Commonwealth, beyond the payments already made on such requisitions, for the work, including plumbing, done on the project up to that time.

CONTRACT.    Writ in the Superior Court dated September 20, 1954.

The action was heard by *Paquet,* J.

*Robert G. Dodge,* (*Robert F. Bradford & Herbert P. Wilkins* with him,) for the defendant.

*James M. Graham,* (*Edward U. Lee* with him,) for the plaintiff.

WHITTEMORE, J.   This is an action of contract to recover for labor and materials furnished by the plaintiff as a subcontractor, to the defendant as general contractor, in connection with the construction in Boston, by the Commonwealth, of the Chronic Disease Hospital and Nurses' Home. The case was tried in the Superior Court without a jury and the judge found for the plaintiff.   The defendant excepted (1) to the refusal of the trial judge to rule that upon all the evidence the defendant was entitled to judgment, (2) to the finding for the plaintiff, and (3) to the exclusion of certain evidence.   There was no error.

The essential facts are not in dispute.   The labor and materials had been furnished under a partially performed contract, the further performance of which had become impossible because of the decision of this court in *Gifford* v. *Commissioner of Public Health,* 328 Mass. 608, declaring void the underlying general contract between the defendant and the Commonwealth.   The amount claimed due, apart from interest, was the difference between the value of the materials and labor furnished and the sums paid by the defendant to the plaintiff under the terms of the contract prior to the *Gifford* decision.

The subject contract provided in part for the plaintiff's "furnishing all labor, material, equipment, insurance, etc., to do all plumbing as called for in . . . [stated parts of the general contract and contract documents] all in accordance with the plans and specifications . . . and perform all work to the satisfaction of the governing authorities and John Bowen Co., Inc. [the defendant]"; also that "You, as subcontractor, further agree to be bound to us, the general contractor, by the terms of the special form of construction contract for projects under jurisdiction of Mass. Public Building Commission, the general conditions, drawings and

specifications, and to assume toward us all the obligations and responsibilities that we, by those documents, assume toward the owner. . . . Terms of payment are to be the same as our terms of payment with the owner, all as outlined under . . . [the relevant part of the construction contract]. It is understood that we [the defendant] accept no clause, reservation, or agreement other than those herein mentioned."

Prior to learning that it had no contract under which it could continue work, the defendant had been paid by the Commonwealth the amounts called for in three requisitions, less ten per cent as provided in the contract, and the defendant had paid the plaintiff the amount allowed in these requisitions for plumbing work less ten per cent. The amount found due represents, as to principal, the retained ten per cent plus additional work done and materials furnished, not covered in the honored requisitions.

The evidence to the exclusion of which the defendant excepted consisted of certain papers in two cross actions between the defendant here and the Commonwealth. The defendant offered to show that these cross actions had been tried together, and that the judge had ruled that neither party could recover from the other, that is, the defendant could not recover from the Commonwealth for the fair value of materials and labor furnished up to the time work ceased, including materials and labor furnished by the plaintiff here, and the Commonwealth could not recover the amounts paid to the defendant on the honored requisitions; also that following the findings by the judge there was "in each case . . . an agreement . . . of the parties to accept his decision" evidenced by the filing of the agreements for judgment.

It is plain that the defendant does not owe the plaintiff any sum under the contract and that the plaintiff after the *Gifford* decision could have done nothing to mature an obligation of the defendant under its terms. But the absence of an express provision in the contract to cover the unexpected contingency has not deterred this court or other American courts from giving recovery in cases of excusable

impossibility for such performance as has been received. *Butterfield* v. *Byron*, 153 Mass. 517, 521, 522. *Angus* v. *Scully*, 176 Mass. 357, 358. *Young* v. *Chicopee*, 186 Mass. 518. *Hebert* v. *Dewey*, 191 Mass. 403, 411. *Eastern Expanded Metal Co.* v. *Webb Granite & Construction Co.* 195 Mass. 356, 362–363. *Vickery* v. *Ritchie*, 202 Mass. 247, 250–251. Williston, Contracts (Rev. ed.) §§ 1975–1977. Restatement: Contracts, § 468.

These decisions are not, as the defendant argues, based in the ultimate analysis on the principle of unjust enrichment which underlies restitution cases wherein recovery is limited to benefits received. Restatement: Contracts, § 348. Restatement: Restitution, § 155. Our decisions have spoken of "an implication that what was furnished was to be paid for" (*Vickery* v. *Ritchie*, 202 Mass. 247, 250, 251) or have indulged the fiction of an implied contract that the subject matter will continue to exist so that even though the defendant is without fault in fact he is to be regarded as in default and hence liable to pay. *Young* v. *Chicopee*, 186 Mass. 518. In commenting upon the "benefit" theory Williston (Contracts [Rev. ed.] § 1977, pages 5553–5554) says, "It is sometimes said that the defendant is liable for the benefit which he has received, but, unless the word 'benefit' is given a meaning wider than is natural, the statement is inadequate. In the first place, the word 'benefit' suggests that the matter is to be examined as it exists after the impossibility has supervened; but . . . the American law seems clear that where the defendant has received part performance regarded as valuable under the contract between the parties, the fact that this value has been destroyed by the very circumstances which make full performance of the contract impossible will not preclude recovery. A second reason for discarding the use of the word 'benefit,' in this connection, is because it suggests that what has been received by the defendant must be of pecuniary advantage to him. This seems unnecessary. . . . Accordingly, it is well settled that a recovery on a quantum meruit or quantum valebat should prima facie be such a proportion of the

price as the work which the plaintiff has done bears to the full amount of the work for which the contract provided." And see idem, § 1972A, page 5541. Restatement: Contracts, § 468 (3), gives "benefit" an appropriately limited meaning in saying, "The value of performance within the meaning of Subsections (1, 2) is the benefit derived from the performance in advancing the object of the contract, not exceeding, however, a ratable portion of the contract price."

In *Eastern Expanded Metal Co.* v. *Webb Granite & Construction Co.* 195 Mass. 356, 362, 363, where the court appears to state the basis of recovery to be "a quantum meruit for . . . [the value of the labor and services] as a benefit to the real estate," the record shows that the defendant was the general contractor and the decision does not turn upon the ultimate benefit to it. See *Vickery* v. *Ritchie*, 202 Mass. 247, 251.

In *Gillis* v. *Cobe*, 177 Mass. 584, on which the defendant relies, the plaintiff did not show himself free of fault in respect of his nonperformance of the contract (page 597). The distinction between that case and the line with which this case stands was noted by the court in that opinion (page 592) and reaffirmed in *Vickery* v. *Ritchie*, 202 Mass. 247, 252–254.

It is no longer necessary to find implications of a contract to support recovery. The implications are undoubtedly found in each case in accordance with what the court holds to be fair and just in the unanticipated circumstances, and it is in order to proceed at once to that issue.

This is not a case where the defendant stands fully apart, as the plaintiff does, from the circumstances which caused the unexpected destruction of the subject matter of the contract. The defendant did those things with respect to the subbids discussed in *Gifford* v. *Commissioner of Public Health*, 328 Mass. 608, which caused its bid to appear the lowest, although in fact it was not. The *Gifford* decision has held that what the defendant did was not properly done. Even though we assume, as the defendant urges

here, that it acted in good faith, and in respects as to which the prescribed course was not clear, the fact is that its actions, in a field where it had a choice, had a significant part in bringing about the subsequent critical events — the awarding to it of an apparent contract which turned out to be void and the ensuing decision of this court. In the circumstances it is plain that this is not a case of fully excusable impossibility. The defendant's part in the train of events is amply sufficient to offset the consideration that it has suffered uncompensable loss. Whatever might be said against the application of our established rule (and we do not intend any suggestion) to a case where the contract subject matter is destroyed by an event completely unconnected with either party and where both parties were equally interested in making the contract for mutual profit, and neither, by insurance or otherwise, could have provided against the risk of the unexpected loss and there is no final benefit, it is clearly fair and just to say in the instant case that "It is enough that the defendant has actually received in part performance of the contract something for which when completed he had agreed to pay a price." Williston, Contracts (Rev. ed.) § 1976, page 5551.

The plaintiff's contract was with the defendant, not with the Commonwealth. *East Side Construction Co. Inc.* v. *Adams*, 329 Mass. 347, 353. There are in it, necessarily, important references to the underlying contract. And it is clear that, while the contract continued, the plaintiff would become entitled to payment only as the defendant was paid by the Commonwealth under the general contract. But there is no express provision that the plaintiff is to be paid only if the defendant is paid, regardless of what happens to the general contract. There is no basis for saying what the parties would have done if they had thought of the matter. But the implication of the circumstances (that is, fairness in the circumstances) is against such a construction.

What has been said disposes of the exception to the exclusion of evidence. The liability of the defendant did

not depend upon whether the defendant had or would receive payment from the Commonwealth for the labor and materials for which the plaintiff here makes claim.

*Exceptions overruled.*