ALBRE MARBLE AND TILE COMPANY, INC. *vs.* JOHN BOWEN CO., INC.

Suffolk. November 6, 1958. — January 15, 1959.

Present: SPALDING, WILLIAMS, COUNIHAN, & WHITTEMORE, JJ.

*Practice, Civil,* Summary judgment. *Contract,* Building contract, Performance and breach, Implied contract, Subcontract.

In an action by a corporate subcontractor against the general contractor on a public building construction project for breach of the subcontract through refusing to allow the plaintiff to perform it, in which the defendant filed an answer alleging that performance of the subcontract became impossible by reason of an adjudication that the general contract was invalid and filed a motion for immediate entry of judgment under G. L. c. 231, § 59, as appearing in St. 1955, c. 674, § 1, accompanied by an affidavit amplifying the defence of impossibility, and it did not appear that the plaintiff filed interrogatories to the defendant or a demand for admission of material facts under § 69, a counter affidavit by the plaintiff's vice president merely asserting upon information and belief facts to show that the invalidity of the general contract was caused by the defendant's wrongful acts did not meet the requirements of § 59 and it was proper to grant the defendant's motion. [396–397]

A subcontractor for certain work on a public building construction project, who was required by a clause in his subcontract with the general contractor to "furnish and submit all necessary or required samples, shop

drawings, tests, affidavits, etc., for approval, all as ordered or specified," and who had not wrought any labor or materials into the building before the general contract was adjudicated to be void due to irregularities in the general contractor's bidding therefor, was entitled in the circumstances to recover from the general contractor the fair value of things done by the subcontractor pursuant to specific request of the general contractor under such clause of the subcontract in preparation for performance thereof after its execution and before such termination of the general contract. [399-401]

CONTRACT. Writ in the Superior Court dated April 1, 1954.

A motion for immediate entry of judgment filed by the defendant was allowed by *Meagher*, J.

*Benjamin Goldman*, (*Harry J. Finkelstein* with him,) for the plaintiff.

*Robert G. Dodge*, (*Robert F. Bradford* with him,) for the defendant.

SPALDING, J. The declaration in this action of contract contains four counts. The plaintiff in counts 1 and 2 seeks damages for the defendant's alleged breach of two subcontracts under which the plaintiff agreed to supply labor and materials to the defendant as general contractor of the Chronic Disease Hospital and Nurses' Home in Boston.[1] In counts 3 and 4 the plaintiff seeks to recover the value of work and labor furnished by it to the defendant at the defendant's request. The defendant's substitute answer in defence to the first two counts states that the performance of the subcontracts became impossible when the defendant's general contract with the Commonwealth was declared invalid by this court in *Gifford* v. *Commissioner of Pub. Health*, 328 Mass. 608. The defendant's answer to counts 3 and 4 (based on quantum meruit) states that no payment could be demanded because the plaintiff did not possess an architect's certificate for the work done; and that in no event could the defendant be required to pay the plaintiff until it was itself paid by the Commonwealth, and it had received no such payments except those which had been made before the *Gifford* decision.

---

[1] Count 1 relates to tile work and count 2 relates to marble work.

The defendant filed a motion, accompanied by an affidavit, for the immediate entry of judgment in its favor under G. L. c. 231, § 59, as appearing in St. 1955, c. 674, § 1. The plaintiff filed a counter affidavit. After hearing, the motion was allowed, and the plaintiff duly claimed an exception. The plaintiff also appealed from the order for judgment. Since all of the questions raised are open under the exceptions there is no need to consider the appeal.

The first question is whether the pleadings and affidavits show that a genuine issue of fact exists as to counts 1 and 2, alleging breach of contract.

The affidavit submitted by the defendant amplifies the defence of impossibility set up in its answer. The facts and circumstances leading to the declaration of the invalidity of the defendant's general contract with the Commonwealth have been recited in prior decisions and need not be recounted here. See *Gifford* v. *Commissioner of Pub. Health,* 328 Mass. 608; *M. Ahern Co.* v. *John Bowen Co. Inc.* 334 Mass. 36; *Boston Plate & Window Glass Co.* v. *John Bowen Co. Inc.* 335 Mass. 697. The counter affidavit submitted by the plaintiff asserts that the defendant wilfully submitted a bid that was contrary to law in that the cost of performance bonds for the subcontractors was not included; that the general contract awarded to the defendant was procured by fraud; and that the defendant, with knowledge of the infirmities of the general contract, fraudulently induced the plaintiff to enter into the subcontracts. The plaintiff thus attempted to avoid the defence of impossibility by asserting that the invalidity of the general contract was caused by the wrongful acts of the defendant.

The facts upon which the plaintiff relies to avoid the defence of impossibility are set forth upon information and belief. The statute requires that affidavits be "on personal knowledge of admissible facts as to which it appears affirmatively that the affiants would be competent to testify." G. L. c. 231, § 59. Obviously, statements made upon information and belief do not satisfy these requirements. But there is an alternative provision in the statute which reads:

". . . [O]r the opposing party shall file an affidavit showing specifically and clearly reasonable grounds for believing that contradiction can be presented at the trial but cannot be furnished by affidavits." G. L. c. 231, § 59.

We are of opinion that the counter affidavit filed by the plaintiff does not meet the requirements of the statute. It is true that the facts asserted upon information and belief in the affidavit concern to a considerable extent the defendant's knowledge and intentions, and evidence of these is usually within the control of the defendant. But the statute provides that interrogatories, and admissions under G. L. c. 231, § 69, or in the pleadings will be considered along with affidavits and stipulations, if any, in deciding whether no genuine issue of material fact exists. Here there is no showing that the plaintiff even attempted to seek answers to interrogatories or that it filed any demand to admit facts. For that matter, no affidavit was filed other than that of its own vice-president. It is to be noted that under the alternative method of opposing the motion for summary judgment the "reasonable grounds for believing that contradiction can be presented at the trial" must be set forth "specifically" and "clearly." If the plaintiff's counter affidavit is treated as satisfying this requirement there would be comparatively few situations in which the statute would operate; the salutary purpose of the statute — which is to avoid the delay and expense of trials in cases where there is no genuine issue of fact — would be set at naught, for it would almost always be possible for a party to file an affidavit containing on information and belief vague and general allegations of expected proof. We are of opinion, therefore, that the granting of the defendant's motion for judgment on counts 1 and 2 was right.

We turn now to counts 3 and 4 by which the plaintiff seeks a recovery for the fair value of work and labor furnished to the defendant prior to the termination of the general contract. The plaintiff seeks recovery in count 3 for "preparation of samples, shop drawings, tests and affidavits" in connection with the tile work; in count 4 recov-

ery for similar work in connection with the marble contract is sought.

The defendant in its affidavit maintains that the tile and marble work to be furnished by the plaintiff could not have been done until late in the construction process; that no tile or marble was actually installed in the building; and that the expenses incurred by the plaintiff prior to the time the general contract was declared invalid consisted solely of expenditures in preparation for performance. Relying on the decision in *Young* v. *Chicopee*, 186 Mass. 518, the defendant maintains that where a building contract has been rendered impossible of performance a plaintiff may not recover for expenses incurred in preparation for performance, but may recover only for the labor and materials "wrought into" the structure. Therefore, the defendant says, the plaintiff should take nothing here.

The plaintiff places its reliance upon a clause appearing in both contracts which provides in part: "It is agreed you [the plaintiff] will furnish and submit all necessary or required samples, shop drawings, tests, affidavits, etc., for approval, all as ordered or specified . . . ." The plaintiff in effect concedes that no labor or materials were actually wrought into the structure, but argues that the contract provision quoted above placed its preparatory efforts under the supervision of the defendant, and that this circumstance removes this case from the ambit of those decisions which apply the "wrought-in" principle.

In *Boston Plate & Window Glass Co.* v. *John Bowen Co. Inc.* 335 Mass. 697, a case involving the same general factual situation as is presented here, it was pointed out that the declaration did not contain a count based on quantum meruit, and for that reason it was unnecessary to decide whether "recovery may be had for payments made or obligations reasonably incurred in preparation for performance of a contract after it has been executed and delivered and is reasonably understood to be in effect." 335 Mass. 697, at 702. That question is now before us.

The problem of allocating losses where a building con-

tract has been rendered impossible of performance by a supervening act not chargeable to either party is a vexed one. In situations where the part performance of one party measurably exceeds that of the other the tendency has been to allow recovery for the fair value of work done in the actual performance of the contract and to deny recovery for expenditures made in reliance upon the contract or in preparing to perform. This principle has sometimes been expressed in terms of "benefit" or "lack of benefit." In other words, recovery may be had only for those expenditures which, but for the supervening act, would have enured to the benefit of the defendant as contemplated by the contract. See, e.g. *Young* v. *Chicopee,* 186 Mass. 518, 520. The "wrought-in" principle applied in building contract cases is merely a variant of this principle. It has long been recognized that this theory is unworkable if the concept of benefit is applied literally. In *M. Ahern Co.* v. *John Bowen Co. Inc.* 334 Mass. 36, 41, we quoted with approval the statement of Professor Williston that "It is enough that the defendant has actually received in part performance of the contract something for which when completed he had agreed to pay a price." Williston on Contracts (Rev. ed.) § 1976.

Although the matter of denial of reliance expenditures in impossibility situations seems to have been discussed but little in judicial opinions, it has, however, been the subject of critical comment by scholars. See Fuller and Perdue, The Reliance Interest in Contract Damages, 46 Yale L. J. 52, 373, 379-383. Note, 46 Mich. L. Rev. 401. In England the recent frustrated contracts legislation provides that the court may grant recovery for expenditures in reliance on the contract or in preparation to perform it where it appears *"just to do so having regard to all the circumstances of the case"* (emphasis supplied). 6 & 7 George VI, c. 40.

We are of opinion that the plaintiff here may recover for those expenditures made pursuant to the specific request of the defendant as set forth in the contract clause quoted above. A combination of factors peculiar to this case justifies such a holding without laying down the broader

principle that in every case recovery may be had for payments made or obligations reasonably incurred in preparation for performance of a contract where further performance is rendered impossible without fault by either party. See *Boston Plate & Window Glass Co.* v. *John Bowen Co. Inc.* 335 Mass. 697, 702.

The factors which determine the holding here are these: First, this is not a case of mere impossibility by reason of a supervening act. The opinion of this court in *M. Ahern Co.* v. *John Bowen Co. Inc.* 334 Mass. 36, points out the defendant's involvement in creating the impossibility was greater than that of its subcontractors. The facts regarding the defendant's conduct are set forth in that opinion and need not be restated. Although the defendant's conduct was not so culpable as to render it liable for breach of contract (*Boston Plate & Window Glass Co.* v. *John Bowen Co. Inc.* 335 Mass. 697), nevertheless, it was a contributing factor to a loss sustained by the plaintiff which as between the plaintiff and the defendant the latter ought to bear to the extent herein permitted.

We attach significance to the clause in the contract, which was prepared by the defendant, specifically requesting the plaintiff to submit samples, shop drawings, tests, affidavits, etc., to the defendant. This is not a case in which all efforts in preparation for performance were solely within the discretion and control of the subcontractor. We are mindful that in *Young* v. *Chicopee*, 186 Mass. 518, recovery of the value of materials brought to the construction site at the specific request of the defendant therein was denied. But in that case the supervening act rendering further performance impossible was a fire not shown to have been caused by the fault of either party. We are not disposed to extend that holding to a situation in which the defendant's fault is greater than the plaintiff's.

Moreover, the acts requested here by their very nature could not be "wrought into" the structure. In *Angus* v. *Scully*, 176 Mass. 357, recovery for the value of services rendered by house movers was allowed although the house

was destroyed midway in the moving. The present case comes nearer to the rationale of the *Angus* case than to that of the *Young* case.

The defence that the defendant was not required to pay until it had been paid by the Commonwealth under the general contract was declared to be without merit in *M. Ahern Co.* v. *John Bowen Co. Inc.* 334 Mass. 36, and need not be dealt with here.

We hold that the damages to be assessed are limited solely to the fair value of those acts done in conformity with the specific request of the defendant as contained in the contract. Expenses incurred prior to the execution of the contract, such as those arising out of preparing the plaintiff's bid, are not to be considered.

The plaintiff's exceptions as to counts 1 and 2 are overruled and are sustained as to counts 3 and 4; as to those counts the case is remanded to the Superior Court for further proceedings in conformity with this opinion. The appeal is dismissed.

*So ordered.*