JOSEPHINE C. STOROZUK, administratrix, *vs.* FISK TIRE SERVICE, INC. (and a companion case[1]).  February 25, 1965.  Exceptions overruled. These are two actions of contract for breach of implied and express warranties relating to the sale of an automobile tire.  The cases were tried together and are before us on a consolidated bill of exceptions.  In the first action, the plaintiff seeks to recover for the conscious suffering and death of her deceased husband.  In the second case, the plaintiff and certain others seek to recover for personal injuries and consequential damages.  The trial judge directed a verdict for the defendant on the implied warranty counts in both actions, and the plaintiffs duly excepted.  The jury returned a verdict for the defendant on the express warranty counts in both actions.  There was no error.  All of the implied warranty counts allege that the defendant warranted that the tire was "in good condition and suitable for the use intended," that it "could be used safely and without harm," that it was "of merchantable quality," and that there was reliance on these implied warranties.  The plaintiffs further allege that a defect in the tire caused it to blow out, explode or rupture while in use. There was evidence that the defendant gave an unconditional guaranty against "defects in construction, workmanship, and materials and all road hazards for the life of the tire."  There was also evidence that the tire in question exploded because it was improperly mounted by the defendant on the wheel of the car.  The bill of exceptions states that the trial judge's charge to the jury "was complete and adequate as to the express warranty and its conditions."  Since there was no evidence of any defect in the tire itself, the only evidence which could have supported a verdict for the plaintiffs on the express warranty counts was that which related to the improper mounting of the tire.  But there is nothing to indicate that there were any implied warranties concerning the mounting of the tire which were broader than the express warranties.  Therefore, a separate consideration by the jury of any implied warranties in this regard would have been superfluous.  The plaintiffs now request us to allow a motion to amend their declarations by adding six counts in tort for negli-

---

[1] The companion case is by Josephine C. Storozuk and others against the same defendant.

gence. We observe that, although there was evidence which might have warranted a finding of negligence, the jury obviously did not believe either that the tire was improperly mounted or that such improper mounting caused the accident, or both. A finding of both of these facts would be essential to recovery on either a count for breach of warranty or on a count for negligence. This is not a case of simply amending the pleadings to conform to the proof. See *Boston Plate & Window Glass Co.* v. *John Bowen Co. Inc.* 335 Mass. 697, 702. The motion to amend is, therefore, denied.

*Thomas S. Carey* for the plaintiffs.
*Edward J. Dobiecki* for the defendant.