**J.W. COWLES CONSTRUCTION**
vs.
**T & M EQUIPMENT CORP.**

District Court Department
Appellate Division, Western District
Trial Court of the
Commonwealth of Massachusetts

**September 15, 1980**

James E. Angell for the plaintiff.
Joseph P. Dusel for the defendant.

Present: Walsh, P.J., McGuane, J., Greenberg, J.

GREENBERG, J. This is an action of contract in which it is alleged that in October and November of 1978 the plaintiff sold landfill materials and performed construction services at a construction site for the defendant to the value of $5,047.29. The defendant's answer admits, inter alia, that the labor and materials were performed and delivered, but that the parties had further agreed that payment to the plaintiff would not be made . . . "until defendant received payment for said work from Pyramid Company of Holyoke, Inc., which payment the defendant has not yet received."[1]

The plaintiff brought a Motion for Summary Judgment pursuant to Mass. R.Civ. P. 56(a) alleging, without supporting affidavits, that defendant's assertion that payment by Pyramid Company of Holyoke, Inc. was a condition precedent to its own duty to pay the plaintiff, was unconscionable as a matter of law, and that M.G.L. c. 106, § 2-309(1) requires, in the absence of a specific agreement, that the contract price be paid within a reasonable time. The record of the case does not disclose any indication of plaintiff's demand for payment, nor any information as to the availability of relief under Mass. R. Civ. P. 20, wherein plaintiff might have joined in the defendant's action against Pyramid Company of Holyoke, Inc. before the commencement of this action in September of 1979.

In its affidavit filed in opposition to plaintiff's Motion for Summary Judgment, defendant, through its president, asserts that at no time has it received payment from Pyramid Company of Holyoke, Inc., and that it has a suit pending for its own claim and the claims of its sub-contractors and suppliers. The trial judge allowed plaintiff's motion and entered judgment in the sum of $5,047.29, from which defendant brings its appeal.

Plaintiff filed no brief and on the eve of hearing requested an associate to appear for argument. Although plaintiff violates both the spirit and the letter of Mass. Appellate Division Rule 64(F)[2], the Court has elected to reach the substantive issues raised by the appeal.

The general standard that an appellate court applies in reviewing the grant or denial of a summary judgment motion is the same as that employed by the trial court initially under Rule 56. A summary judgment is proper when it appears that. . . ." there is no genuine issue of fact." Albre Marble and Tile Co., Inc. v. John Bowen Co., Inc., 338 Mass. 394 (1959). The way in which this test is applied at the appellate level is designed to give the party who defended the motion the benefit of any doubt as to the propriety of granting

---

[1] Defendant asserted this as an affirmative defense contained in its answer.

[2] After notice of the allowance or establishment of a report, 15 days, exclusive of Sundays and holidays, shall be allowed the parties for filing briefs, unless upon good cause shown, further time is allowed by the appellate division. .

summary judgment. The message is clear: the party who deended against the motion for summary judgment will have the advantage of the court's reading the record in the light most favorable to him (see **U.S. v. Diebold, Inc. 369 U.S. 654, 655 (1962)**, will have his allegations taken as true[3], and will receive the benefit of the doubt when his assertions conflict with the movant. **Bookout v. Shine Chain Theatres Inc., 253 F.2d 292 (2d Cir. 1958)**. The reviewing court cannot decide disputed issues of material fact; it only may determine whether a genuine issue exists and whether the law was applied correctly. **Vickery v. Fisher Governer Co., C.A. 9th 417 F2d 466**. Accordingly, it must reverse the grant of a summary judgment motion if it appears that there is an unresolved issue of material fact. **Kennedy v. Silas Mason Co. 334 U.S. 249 (1948)**.

Applying this test, we find that the trial court was in error. Defendant properly asserts in its argument that the issue of the timeliness of payment under the agreement between the parties is a material issue to be resolved at trial. **Flagship Cruises, Ltd. v New England Merchants National Bank of Boston, 469 F2d 694, 702 (1978)**. Plaintiff's reference to M.G.L. c. 106, § 2-309(1)[4] must be read in conjunction with the definitional sections of G.L. Chapter 106, in particular, G.L. c. 106, § 1-204[5]. Clearly, this requires a factual determination by the trial judge, so as to determine the nature of the relationship between defendant, its principal contractor, and the plaintiff as a subcontractor. It also requires a factual determination as to the circumstances which led to plaintiff's willingness to provide labor and materials on condition that subsequent payment would be deferred until defendant received its payment from Pyramid Company of Holyoke, Inc.

Plaintiff further argues that such a provision is unconscionable and unenforceable as a matter of law. Generally, contracts for services tending to injuriously affect the public welfare (**Collins v. Godfrey 324 Mass. 574 (1949)**[6], or agreements which amount to corrupt bargains (**Keown v. Verlin, 253 Mass. 374 (1925)**

have been held unenforceable. Whether such a provision can be enforced under recognized principles of law, necessitates a factual determination of the circumstances surrounding the contract, the relative bargaining positions of the parties, and the usage of trade or practices existent and controlling the transaction in question. (See G.L. c. 106, § 1-205(2) requiring the existence and usage to be proved as facts.) Obviously, defendant had no opportunity at the hearing on the Motion for Summary Judgment to present testimony in regard to these issues. It was also precluded from establishing its efforts to liquidate its claims against its principal debtor. Such action has a direct bearing on the two issues raised by plaintiff's motion.

Accordingly, the judgment entered by the court in favor of the plaintiff is vacated and the ase is to be remanded for further proceedings consistent with this opinion.

**William T. Walsh**
**A. McGuane**
**W. Greenberg**

---

[3]Where the record, on appeal by defendants from the grant of summary judgment for plaintiff, did not disclose that any affidavits were presented in support of, or in opposition to the Rule 56 motion, the court of appeals would accept as true the factual allegations to determine whether the trial court was justified in finding that the defenses were insufficient as a matter of law. Vokal v. U.S. 177 F2d 619. (9th Cir. 1949).

[4]G.L. C. 106, § 2-309(1): The time for shipment or delivery on any other action under contract, if not provided in this article, or agreed upon, shall be a reasonable time.

[5]G.L. c. 106, § 1-204: Reasonable time: "Seasonably." (1) Whenever this chapter requires any action to be taken within a reasonable time, any time which is not manifestly unreasonable may be fixed by agreement. (2) What is a reasonable time for taking any action depends on the nature, purpose and circumstances of such action.

[6]This is a case where an attorney's contract for legal services was held illegal in violation of a general rule adopted by the Supreme Judicial Court on December 5, 1937, precluding a special justice from practice as an attorney on the criminal side of the court.